# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | CIVIL ACTION NO. 3:14-MC-00333 |
| v. | (MEHALCHICK, M.J.) |
| JOSE LUCIO CANALES, | |
| Defendant | |

## MEMORANDUM OPINION

Before this Court is Defendant's Petition for Writ of *Coram Nobis*. (Doc. 1). For the reasons provided below, Defendant's Petition will be **DENIED.**

I. **BACKGROUND AND PROCEDURAL HISTORY**

Defendant, Jose Lucio Canales, filed a Petition for a Writ of *Coram Nobis* on June 4, 2014 with respect to a citation he received in 2005 by a Park Ranger while visiting the Delaware Water Gap National Recreation Area.[1] (Doc. 1). Defendant asserts that at the time of his citation, he believed that he was being cited for and pleading guilty to one open container violation. (Doc. 1). However, Defendant actually received three citations, including violations for Operating Under The Influence with BAC above .08%, Operating Under The Influence Rendering Unsafe Operation, and carrying an Open Container of Alcohol in a Motor Vehicle. (Doc. 7).

---

[1] In his pleadings, Defendant refers to the National Recreation Area as the "Delaware Water Gap Federal Park."

Defendant has been charged with Driving Under The Influence two additional times since his arrest in the Delaware Water Gap National Recreation Area. In 2011, Defendant was charged with Driving Under The Influence. (Doc. 1). Defendant alleges that he was informed at sentencing that he had, in fact, pleaded guilty in 2005 for violating 36 C.F.R. § 4.23, Operation Under The Influence With Blood Alcohol Content above .08%, rather than an open container violation, which resulted in sentencing enhancement. (Doc. 1). He received ninety (90) days house arrest, with one year license suspension and one year's parole supervision. (Doc. 1). Most recently, in 2013, Defendant was again charged with Driving Under The Influence. (Doc. 1). His case is currently pending in the Monroe County Court of Common Pleas. (Doc. 1).

Defendant submits that he mistakenly pleaded guilty in 2005 to the Operating Under The Influence violation without knowledge of the collateral consequences resulting from future DUI convictions, and requests that this Court to vacate his conviction on the grounds that he did not knowingly and voluntarily enter his plea. (Doc. 1). The Government filed a Response in Opposition on August 12, 2014, requesting that this Court dismiss the petition as meritless. (Doc. 7). This matter is now ripe for disposition.

II.   **DISCUSSION**

The writ of error *coram nobis* is an "extraordinary remedy" rarely granted by federal courts in criminal matters under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502, 511 (1954). The United States Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and citations omitted). It serves as a remedy of last resort for petitioners who are no longer in custody to attack invalid convictions based on fundamental errors with

collateral consequences. *United States v. Dent*, 135 Fed. Appx. 532, 534 (3d Cir. 2005). Further, this remedy is only available where the petitioner has no means to pursue direct, collateral review through a writ of habeas corpus, and where the petitioner provides "sound reasons" for his failure to seek appropriate relief earlier. *Muto v. Asure*, No.3CV-11-1344, 2011 WL 3794954, at *2 (M.D. Pa. Aug. 3, 2011).

In this matter, Defendant is not entitled to relief by writ of *coram nobis*. First, Defendant's claim does not constitute an invalid conviction based on sufficient error. Regardless of what was told to him by the Park Ranger at the time of his citation, Defendant received three alcohol-related citations and faced a potential fine and six months' imprisonment for each offence. (Doc. 7, pp. 10-15). Defendant was required to appear in court after receiving the three citations from the Park Ranger. (Doc. 7, p. 9). Defendant entered a plea of guilty to one violation at a hearing before the Court months later, resulting in the dismissal of the remaining two citations. (Doc. 7, pp. 16-17). In the nine years since Defendant entered his plea of guilty, he has not sought any other counsel or voluntarily considered on his own whether he should challenge the conviction, even after admittedly learning of his conviction during his proceedings for the 2011 DUI. (Doc. 1).

Second, the 2005 conviction by itself did not produce the type of collateral consequences envisioned under this common law remedy, such as a conviction directly resulting in a petitioner's "deportation." The sufficiency of collateral consequences cannot be contingent on future criminal activity. *United States v. Purpura*, No.1:CR-94-171-01, 2012 WL 716149, at *2 (M.D. Pa. March 5, 2012). Here, Defendant's commission of two subsequent DUI violations form the basis of his sentencing enhancement. The enhanced penalties for the subsequent DUI charges are not the collateral consequence of his nearly nine year old conviction before this

3

Court, but are the consequence of his subsequent charges. Lastly, Defendant has not offered "sound reasons" for the delay in seeking appropriate relief prior to his release from custody. *United States v. Foster*, 1:CR-94-071-02, 2006 WL 2588706, *2 (M.D. Pa. Sept. 8, 2006). Defendant gives no explanation for his delay in seeking relief from his conviction, and therefore has not met his burden of showing why he did not seek relief when he was allegedly first informed of the erroneous guilty plea in 2011.

III.     **CONCLUSION**

Based on the foregoing, the Court will deny Defendant's Petition for Writ of *Coram Nobis*. An appropriate Order will follow.

**Dated: September 4, 2014**                                   *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**